UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANGO WATTS, | ) | CV F- 03-5365 OWW DLB P |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| v. | ) | RECOMMENDATION RE |
| | ) | DEFENDANTS' MOTION FOR |
| DIRECTOR OF CORRECTIONS, et al., | ) | SUMMARY JUDGMENT |
| | ) | [DOC 53] |
| Defendants. | ) | |
| | ) | |

I.    Defendants' Motion for Summary Judgment

A.    Procedural History

Plaintiff Mango Watts ("plaintiff") is a state prisoner proceeding in forma pauperis in this civil action pursuant 42 U.S.C. § 1983. Plaintiff is represented by counsel. This action proceeds on plaintiff's amended complaint, filed April 14, 2004 against defendants Zuniga, Lewis, Vanderpoel, Hickman[1] and Alameida in which he alleges that the California Department of Corrections and Rehabilitation's ("CDCR") hair length grooming standards, Cal.Code Regs. Tit. 15, § 3062, violate the Free Exercise of Religion Clause of the First and Fourteenth Amendments of the United States

---

[1] Plaintiff seeks both injunctive and compensatory relief. Consequently, pursuant to Fed.R.Civ.P. 25, defendant Hickman, as the current Secretary of CDCR replaces Alameida to the extent the former director was sued in his official capacity.

Constitution, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et. Seq., and the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff is seeking injunctive and compensatory relief.  Plaintiff also seeks expungement from his central file of all the disciplinary reports relating to the non-compliance with the grooming standards.

Pursuant to defendants' stipulation, on August 4, 2005, the Court ordered that during the pendency of this action, or until further order of the court, defendants shall refrain from enforcing, with respect to plaintiff, the CDCR grooming standards requirement that male prisoners maintain their hair no longer than three inches in length.

On August 17, 2005, defendants filed a motion for summary judgment.  Doc. 53.  Plaintiff filed an opposition on September 12, 2005.  Doc. 56.  On October 25, 2005, plaintiff obtained counsel.  Doc. 57.  Pursuant to the parties' stipulation, plaintiff filed a supplemental opposition on December 12, 2005.  Doc. 64.  On December 12, 2005, plaintiff also filed a motion to strike defendants' exhibits.  Doc. 63.  On December 21, 2005, defendants filed a reply.  Doc 65.

On February 24, 2006, defendants filed a Notice of Material Change in the Applicable Law which provides notice that on January 17, 2006, the Office of Administrative Law filed emergency changes to the CDCR inmate grooming regulations.  The critical change for purposes of this case is that an inmate may grow his or her hair without regard to length.  The former grooming standards on which plaintiff's claims are based are no longer in effect, thus making plaintiff's request for injunctive relief moot.

A hearing on this motion was held on March 3, 2006 before the undersigned, at which time the parties advised the court that they were pursuing discussions in an attempt to resolve this matter.  The Court took defendants' motion for summary judgment under submission.  On May 25, 2006, plaintiff's counsel advised the Court that settlement discussions were unsuccessful.  The Court now issues its findings and recommendation on defendants' motion for summary judgment.

B.   Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not

establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

C.  Statement of Undisputed Facts

1. On February 24, 2002, Correctional Officer Zuniga issued a rules violation report charging plaintiff with a violation of the inmate grooming standards.
2. On March 7, 2002, Correctional Lieutenant J.J. Vander Poel found plaintiff guilty of violating the inmate grooming standards, as set forth at Cal. Code Reg. Tit. 15, § 3062, because his hair was longer than three inches in length.
3. Plaintiff submitted an inmate appeal, log. No. PVSP-B-02-00713, contesting the disposition of his rules violation.
4. Warden Lewis denied his appeal on July 5, 2002.

5. Plaintiff's appeal was denied at the director's level on September 11, 2002.

D. Discussion

   1. Summary of Plaintiff's Allegations

In his amended complaint, plaintiff alleges that he is Rastafarian and one of the dictates of his religion is that he not cut his hair. Because the CDCR's grooming standards mandate that all inmates have hair no longer than three inches and makes no accommodation for sincerely held religious beliefs of prisoners whose faiths do not allow the cutting of one's hair, plaintiff has violated the grooming standards and suffered discipline as a consequence. While the results of plaintiff's rules violation hearing have been invalidated by restoration of time credits, plaintiff seeks expungement of related disciplinary convictions from his record. Plaintiff alleges the grooming standards violate the Free Exercise of Religion Clause of the First and Fourteenth Amendments of the United States Constitution, RLUIPA, 42 U.S.C. § 2000cc, et. Seq., and the Equal Protection Clause of the Fourteenth Amendment.

Defendants move for summary judgment arguing that CDCR's hair length regulation does not violate plaintiff's rights under the First Amendment, the Equal Protection Clause or RLUIPA. Defendants also argue they are entitled to qualified immunity because there were no constitutional violations and, in any event, a reasonable officer could have believed that his or her conduct was lawful as they enforced the CDCR hair length grooming standards between February and September 2002.

In opposing the motion for summary judgment, plaintiff argues that defendants' motion on the merits of his First Amendment, Equal Protection and RLUIPA claims should be denied. However, plaintiff concedes that all defendants with the exception of defendant Alameida, are entitled to qualified immunity as they were acting pursuant to CDCR Departmental Regulations. Plaintiff argues defendant Alameida is not entitled to qualified immunity because RLUIPA was passed by Congress in 2000 and on that day, the responsibility to comply with the law fell on prison administrators nationwide. Plaintiff argues Director Alameida was informed or should have been informed that any CDCR regulation which imposed a substantial burden on the religious exercise of

a person was invalid and he had a responsibility to order review of all policies to see if they complied with the law.

### 2. Free Exercise Claim

The Ninth Circuit has determined that the California Department of Corrections' grooming standards on hair length serve legitimate penological interests and do not infringe on inmates' First Amendment rights. Henderson v. Terhune, 379 F.3d 709, 713 (2004). Because the grooming standards have been upheld despite inmates' claims of violation of First Amendment rights, there is no First Amendment violation and defendants are entitled to judgment on as a matter of law on this claim.

### 3. Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 120 S.Ct. 1073, 1074 (2000)(equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). Such equal protection claims are subject to rational basis analysis or intermediate scrutiny analysis. See Warsoldier v. Woodford, 418 F.3d 989, fn 13 (9th Cir. 2005).

Plaintiff claims that CDCR's hair length grooming standards violate the Equal Protection Clause of the Fourteenth Amendment because it applies only to male inmates and allows female inmates' hair to be any length. Defendants do not defend or address the reason for the differential treatment between male and female inmates, but instead, citing In re Gatts, 79 Cal.App.3d 1023, 1023 (4th Dist. 1978), argue that, as a matter of law, plaintiff is not similarly situated to female inmates and plaintiff has not alleged sufficiently invidiously dissimilar treatment.

In re Gatts, 79 Cal.App.3d at 1023 does not support defendants' argument. The case involved a policy that, as written, was gender neutral and there was no evidence that the policy was not also applied to women. Here, the regulation, on its face, is not gender neutral. Because defendants have not addressed or provided any evidence from which the Court could find that the grooming regulation, which applies different standards regarding hair length to men and women, is substantially related to an important governmental interest, defendants have not met their burden as the parties moving for summary judgment and are not, therefore, entitled to summary adjudication on plaintiff's equal protection claim.

### 4. RLUIPA

The RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. The RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." § 2000cc-2(a).

Plaintiff bears the initial burden of setting forth evidence demonstrating that the grooming standards policy "and its punitive sanctions designed to coerce him to comply with that policy constitute a substantial burden on the exercise of his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must set forth evidence demonstrating that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

///

      a.     Substantial Burden

The grooming standard at issue provides that "[a] male inmate's hair shall not be longer than three inches and shall not extend over the eyebrows or below the top of the shirt collar while standing upright." Cal. Code Regs., tit. 15 § 3062(e) (2006). Plaintiff contends, and defendants do not dispute, that plaintiff is a Rastafarian whose religion "consecrates the locks of the head, commanding that no razor touch them, and they shall grow all the days . . ." Plaintiff's Affidavit at 2:9-11. Thus, defendants concede that under the RLUIPA definition, the CDCR's hair length grooming standards are a substantial burden upon plaintiff's sincerely held religious beliefs. Accordingly, plaintiff's burden has been met.

      b.     Compelling Governmental Interest

Defendants contend and plaintiff does not dispute that, as a matter of law, the grooming regulation furthers the compelling governmental interest of prison security and institutional safety. *See* Warsoldier, 418 F.3d at 998. Thus, the question becomes whether or not the grooming policy is the least restrictive means to further this interest.

      c.     Least Restrictive Alternative

Defendants argue that in Cutter v. Wilkenson, 125 S. Ct. 2113, 161 L.Ed.2d 1020 (2003), the Supreme Court found that "context matters" and lawmakers anticipated courts would apply the Act's [RLUIPA's] standard with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Cutter v. Wilkenaon, 125 S. Ct. at 2123. Defendants therefore argue that the least restrictive manner standard of RLUIPA roughly equates to the fourth Turner v. Safely, 482 U.S. 78, 89 (1987) factor which requires an evaluation of whether there are alternative to the prison's current policy that would accommodate an inmate at *de minimis* cost to the prison. Citing Henderson v. Terhune, 379 F.3d 709, 15 (9th Cir. 2004), defendants argue the only alternative would be granting an exemption for an inmate's long hair, which would undermine CDCR's penological interests. Defendants further argue that Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005), where the Ninth Circuit found that the CDCR

hair length grooming policy was not the least restrictive alternative to achieve CDC's interest in prison security, should be disregarded as inconsistent with Cutter and Henderson. Defendants therefore argue, as a matter of law, since there are no alternatives to CDCR's hair length regulation, consistent with the state's compelling interest, the CDCR hair length regulation meets the least restrictive means test.

Defendants have submitted no evidence that the grooming standards are the least restrictive means of furthering their interest of maintaining institutional safety and security. Defendants proffer only conclusory assertions that the standards are the least restrictive means. Under Warsoldier, which the Court is not at liberty to "disregard," defendants cannot meet their burden unless they demonstrate that prior to adopting the grooming standard in question, the efficacy of less restrictive measures were actually considered and rejected. Warsoldier, 418 F.3d at 999. No such showing has even been attempted here. Accordingly, the court finds that defendants failed to meet their burden of demonstrating that the grooming standards are the least restrictive means of furthering their compelling interest and therefore summary judgment should be denied on the merits of the RLUIPA claim.

5.  Qualified Immunity

Defendants argue that they are entitled to qualified immunity because there has been no statutory or constitutional violation, and, in any event, a reasonable official could have believed that his or her conduct was lawful as they enforced the CDCR hair length grooming standards between February and September 2002. Plaintiff concedes all defendants are entitled to qualified immunity except defendant Alameida.

Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendants' conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If, and only if, a violation can be made out, the next step is to ask

whether the right was clearly established. Id. In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

For the same reasons plaintiff concedes that the other defendants are entitled to qualified immunity on plaintiff's damages claims, so to is defendant Alameida.

Turning first to plaintiff's free exercise claim, as discussed above, the Court has found that the grooming policy does not violate plaintiff's First Amendment rights and therefore qualified immunity is not applicable.

With respect to plaintiff's equal protection and RLUIPA claims, RLUIPA was enacted in 2000 and has not yet generated much case law. Defendant Alameida denied plaintiff's appeal at the Director's level based on the grooming standards in effect at that time. There is no authority that would have led him to be aware that the standards violated plaintiff's statutory or constitutional rights. Given the very recent nature of the limited case law regarding RLUIPA, the court finds that plaintiff's right under RLUIPA to be exempted from the grooming policy based on his religious beliefs is not sufficiently clear that a reasonable official would understand that what he was doing violated that right. Saucier, 533 U.S. at 202. Accordingly, the court recommends that all defendants', including defendant Alameida's motion for qualified immunity on plaintiff's damages claims be GRANTED.

6.     Plaintiff's Claims for Injunctive Relief

As to plaintiff's claim for an injunction prohibiting defendants from enforcing the grooming standards by punishing or threatening to punish him, this claim is moot in light of the modification which now permits plaintiff to wear his hair long. However, the modification does not render moot plaintiff's request for an injunction mandating the expungement from plaintiff's central file of all the disciplinary reports relating to non-compliance with the grooming standards. While it appears that plaintiff's lost credits have been restored, it does not appear that his record has also been cleared of the disciplinary violations.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for summary

judgment, be GRANTED in part and DENIED in part as follows:

1. Defendants motion for summary adjudication of plaintiff's First Amendment Claim be GRANTED;

2. Defendants motion for summary adjudication of plaintiff's Equal Protection claim and RLUIPA claim be DENIED;

3. Defendants motion for summary adjudication based upon qualified immunity as to plaintiffs claims for damages be GRANTED; and

4. Because plaintiff's claim for injunctive relief prohibiting defendants from enforcing the grooming standards is moot in light of the modification to the grooming regulations, this case shall proceed only on plaintiff's request for an injunction mandating expungement from plaintiff's central file of disciplinary reports relating to non-compliance with the grooming standards.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 9, 2006                              /s/ Dennis L. Beck
3b142a                                                   UNITED STATES MAGISTRATE JUDGE