UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANGO WATTS, | CV F- 03-5365 OWW DLB P |
| Plaintiff, | |
| v. | ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |
| DIRECTOR OF CORRECTIONS, et al., | |
| Defendants. | |

**A.    Background**

Plaintiff Mango Watts ("plaintiff") is a state prisoner proceeding in forma pauperis in this civil action pursuant 42 U.S.C. § 1983. Plaintiff is represented by counsel. This action was based on plaintiff's amended complaint, filed April 14, 2004 against defendants Zuniga, Lewis, Vanderpoel, Hickman and Alameida in which he alleged that the California Department of Corrections and Rehabilitation's ("CDCR") hair length grooming standards, Cal.Code Regs. Tit. 15, § 3062, violated the Free Exercise of Religion Clause of the First and Fourteenth Amendments of the United States Constitution, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et. Seq., and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff sought injunctive, compensatory and declaratory relief.

Pursuant to the parties' stipulation, on August 4, 2005, the Court ordered that during the pendency of this action, or until further order of the Court, defendants shall refrain from enforcing, with respect to plaintiff, the CDCR grooming standards requirement that male prisoners maintain their hair no longer than three inches in length.

On August 17, 2005, defendants filed a motion for summary judgment. Plaintiff filed an opposition on September 12, 2005. On October 25, 2005, plaintiff substituted Catherine Campbell and Carolyn Phillips as his attorneys of record. On December 1, 2005, plaintiff filed a supplemental opposition to defendants' motion. On February 24, 2006, defendants filed a Notice of Change in the Applicable Law, advising that CDCR had changed their grooming to standards and inmates were now allowed to grow their hair. A hearing on the motion for summary judgment was held on March 3, 2006 at which time the parties discussed settlement and agreed to continue the discussions after the hearing. The remaining issue was the expungement of plaintiff's disciplinary file and attorneys' fees.

When settlement was not reached, the Court issued Findings and Recommendation on August 10, 2006 recommending that defendants' motion for summary judgment be denied in part and granted in part as follows: defendants' motion for summary adjudication of plaintiff's First Amendment Claim be GRANTED; defendants motion for summary adjudication of plaintiff's Equal Protection claim and RLUIPA claim be DENIED; defendants be granted qualified immunity as to plaintiffs claims for damages; and because plaintiff's claim for injunctive relief prohibiting defendants from enforcing the grooming standards was moot in light of the modification to the grooming regulations, the case was to proceed only on plaintiff's request for an injunction mandating expungement from plaintiff's central file of disciplinary reports relating to non-compliance with the grooming standards. Accordingly, the only issue remaining after the motion for summary judgment was plaintiff's request for expungement of his rules violation reports regarding the grooming standards. The District Judge adopted the Findings and Recommendation in full on September 19, 2006.

1  On November 3, 2006, the Court signed a stipulation and order to expunge the disciplinary reports from plaintiff's file thereby concluding the action.

On November 17, 2006, plaintiff's counsel filed the present motion for attorneys' fees. At the request of counsel, the hearing was continued to January 19, 2007.  Defendants filed an opposition on November 30, 2006 and plaintiff filed a reply on December 14, 2006.

Ms. Campbell requests an order granting compensation for a total amount of 79.55 hours.  Counsel requests that the lodestar amount for this work be set at the PLRA rate.

Ms. Phillips seeks a total amount of 17.5 hours.  Counsel requests that the lodestar amount for this work be set at the PLRA rate.

Defendants oppose the motion and argue that under the PLRA, attorneys' fees are limited to those fees directly and reasonably incurred in proving an actual violation of plaintiff's constitutional or statutory rights.  Defendants contend plaintiff asserted but never proved an actual violation of his civil rights.

B.      Discussion

Under the Prison Litigation Reform Act attorney's fees awarded in cases brought by prisoners must be (1) "directly and reasonably incurred in proving an actual violation of plaintiff's rights protected by a statute to which a fee may be awarded" under 42 U.S.C. § 1988; (2) "proportionately related to the court ordered relief for the violation," and (3) "directly and reasonably incurred in enforcing the relief ordered for the violation."  42 U.S.C. § 1997e(d)(1).  In addition, "[n]o award of attorney's fees in an action [brought by a prisoner] shall be based on an hourly rate greater than 150 percent of the hourly rate established under the Criminal Justice Act, 18 U.S.C. A. § 3006A, for payment of court appointed counsel."  42 U.S.C. § 1997e(d)(3).  Plaintiff "prevails when actual relief on the merits of the claim materially alters the legal relationship between the parties by modifying defendant's behavior in a way that directly benefits the plaintiff.  *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).  "It is settled law, of course, that relief need not be judicially decreed in order to justify a fee award under § 1988.  A lawsuit sometimes produces voluntary action by the defendant that affords plaintiff all or some of the relief [the plaintiff] sought through a judgment."

*Hewitt v. Helms*, 482 U.S. 755, 760-761(1987).

When counsel assumed responsibility for this case, they were immediately faced with opposing a motion for summary judgement filed on claims asserted by plaintiff without the benefit of counsel. Plaintiff's counsel appropriately conceded many of the issues in the motion for summary judgment and contested others. The supplemental opposition brief filed by counsel was directed at the legal issues in the case which were the basis for the relief sought, namely, damages and injunctive relief. The Court denied defendants' motion for summary judgment in part, granted defendants qualified immunity as to plaintiff's claims for damages and ordered the case proceed to trial on plaintiff's Equal Protection and RLUIPA claims for injunctive relief. Immediately following the order on defendants' motion for summary judgment, defendants agreed to the expungement of plaintiff's central file.

While plaintiff was not 100% successful on all of his claims, due to counsel's efforts, he was successful in having his disciplinary record removed from his central file after defeating defendants' motion for summary judgment on his Equal Protection and RLUIPA claims. The Court granted defendants qualified immunity as to plaintiff's claims for damages but the case proceeded on plaintiff's requests for injunctive relief which were based on the same legal claims. Counsel ultimately settled the claims in plaintiff's favor, an agreement which "materially altered the legal relationship" of the parties. Based on the outcome of this case, the Court finds that plaintiff is the prevailing party and is entitled to attorney's fees pursuant to 42 U.S.C. § 1997e(d)(1). The Court further finds that 50% of counsel's time was directly and reasonably incurred in proving an actual violation of plaintiff's rights. Counsel is therefore entitled to compensation for 48.5 hours at the rate of $138.00 per hour. Defendants are ordered to pay the total amount of $6,693.00 directly to plaintiff's counsel within 30 days of this Order.

IT IS SO ORDERED.

Dated: __April 11, 2007__          ___/s/ Dennis L. Beck___
                                   UNITED STATES MAGISTRATE JUDGE

E. D. California

4