1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  MANGO WATTS,                      )    1:03-cv-5365 OWW DLB P
                                     )
10             Plaintiff,            )    ORDER RE: DEFENDANTS'
                                     )    MOTION FOR RECONSIDERATION
11      v.                           )    OF MAGISTRATE JUDGE'S
                                     )    RULING RE: ATTORNEY'S FEES
12  DEPARTMENT OF CORRECTIONS, et    )
    al.,                             )
13                                   )
               Defendants.           )
14                                   )
    _____)
15

16

17        This case is before the Court on the Motion for

18  Reconsideration of the Magistrate Judge's ruling awarding

19  attorneys' fees to Plaintiff as a result of a settlement of the

20  case.

21        Plaintiff is a state prisoner proceeding in forma pauperis,

22  who brought a civil rights action under 42 U.S.C. §§ 1997e(d)(1)

23  and 1983 alleging the California Department of Corrections and

24  Rehabilitation ("CDCR") hair length grooming standards violated

25  his rights under the First and Fourteenth Amendments of the

26  United States Constitution and the Religious Land Use and

27  Institutionalized Persons Act ("RLUIPA").

28        Defendant moved for summary judgment and was granted relief

                                  1

1   on all grounds except Plaintiff's request for expungement of

2   grooming standards rules violation reports contained in his

3   central file.  Plaintiff's First Amendment claim, monetary damage

4   claims under the Equal Protection Clause and the RLUIPA and for

5   permanent injunctive relief were barred or rendered moot.  The

6   case settled on the parties' stipulation to the expungement of

7   the Plaintiff's grooming standards rules violations from his

8   central file and agreement the RVRs would not be used in the

9   future against Plaintiff.

10      The Magistrate Judge found Plaintiff was the prevailing

11  party and entitled to attorneys' fees pursuant to 42 U.S.C.

12  § 1997e(d)(1) and 42 U.S.C. § 1988 and reduced the claimed fees

13  by 50%.  The Defendants acknowledge that the basis for the

14  Magistrate Judge's award of attorneys' fees was that while

15  Plaintiff was not 100% successful on all of his claims, due to

16  counsel's efforts, he did succeed in having his disciplinary

17  record related to grooming standards removed from his central

18  file and reached agreement the RVRs would not be used in the

19  future, after defeating Defendants' motion for summary judgment

20  on Plaintiff's Equal Protection and RLUIPA claims.

21

22                  **STANDARD OF REVIEW AND ANALYSIS**

23      A motion for reconsideration is appropriate only where the

24  District Court (1) is presented with newly discovered evidence;

25  (2) committed clear error or the initial decision was manifestly

26  unjust; (3) if there was an intervening change in controlling

27  law.  *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5

28  F.3d 1255, 1263 (9th Cir. 1993).  A reconsideration motion should

                                 2

1  not merely present arguments raised, or which could have been

2  raised in the initial motion.  *See Backlund v. Barnhart,* 778 F.2d

3  1386, 1388 ("The motion was probably denied here because it

4  presented no arguments that had not already been raised in

5  opposition to summary judgment."); *United States v. Navarro*, 972

6  F.Supp. 1296, 1299 (E.D. Cal. 1997) ("[M]otions to reconsider are

7  not vehicles permitting the unsuccessful party to 'rehash'

8  arguments previously presented . . .  Nor is a motion to

9  reconsider justified on the basis of new evidence which could

10 have been discovered prior to the court's ruling . . . .

11 Finally, 'afterthoughts' or 'shifting of ground' do not

12 constitute an appropriate basis for reconsideration.") (The

13 underlying decision on the merits, *United States v. Navarro*, 959

14 F.Supp. 1253 (E.D. Cal. 1997), was reversed by *United States v.*

15 *Navarro*, 160 F.3d 1254 (9th Cir. 1998), *cert. denied*, 119 S.Ct.

16 2354 (1999).  The reversal did not address the issue of the

17 reconsideration standard.

18      Defendants argue that in the absence of a constitutional

19 violation, an award of attorneys' fees based upon the expungement

20 of Plaintiff's grooming standards RVRs, "where none of the

21 cognizable relief sought, either compensatory or injunctive, is

22 obtained is clearly erroneous and contrary to the law."

23 Defendants rely on *Engquist v. Oregon Department of Agriculture*,

24 478 F.3d 985, 999 (9th Cir. 2007) and *Mateyko v. Felix*, 924 F.2d

25 824, 828 (1990) for the proposition that a Plaintiff who succeeds

26 on a state claim, but on none of her constitutional claims, is

27 not a "prevailing party" under § 1988.  In *Engquist*, the Circuit

28 Court reversed the award of attorneys' fees and remanded to the

**3**

1   District Court to determine damages and any attorneys' fees

2   award, expressing no opinion as to whether *Engquist* is entitled

3   to attorneys' fees under Oregon law.  *Id.* at p. 999, FN 10.

4        Plaintiffs rely on *Doty v. County of Lassen*, 37 F.3d 540,

5   548 (9th Cir. 1994) which established, in a challenge to prison

6   conditions case, that the second element of the *Slaben* test for

7   determining whether Plaintiffs have obtained catalytic relief

8   does not require the District Court to determine whether the

9   relief was required by the U.S. Constitution or Federal law.

10  Rather, the test requires only that the relief be related to a

11  claim that is not frivolous, unreasonable or groundless.  "This

12  test sensibly keeps the District Court from having to address,

13  during the attorneys' fees litigation, the merits of resolved

14  disputes to determine whether the relief obtained would have been

15  obtainable by judgment." *Doty*, 37 F.3d at 548.

16       In *LeMaire v. Maass*, 12 F.3d 1444, 1461 (9th Cir. 1993) an

17  inmate challenging the conditions of his imprisonment in a

18  disciplinary segregation unit failed on most of his claims, but

19  success on a few of the claims altered the legal relationship of

20  the parties and he could be deemed a prevailing party under

21  § 1988.  "While the limited nature of this success does not

22  deprive *LeMaire* of his prevailing status, it does effect the

23  reasonable amount of fees his attorneys may receive."  12 F.3d at

24  1461.

25       To determine whether a claimant's litigation was the

26  catalyst for changes ultimately obtained in a consent decree, the

27  Court proceeds as follows: first, the Court "must determine what

28  Plaintiffs sought to accomplish in bringing the lawsuit and then

                                  **4**

1   determine whether the lawsuit was causally linked to the relief

2   actually obtained." *Steinke v. Washington County*, 903 F.Supp.

3   1403, 1407 (D. Or. 1995); citing *Doty*.   Then, the Court "must

4   determine whether there is a legal basis for the Plaintiff's

5   claim -- it must not be 'frivolous, unreasonable or groundless.'"

6   Here, Plaintiff's lawsuit was causally related to the relief

7   sought - deletion of alleged violations of grooming standards

8   from Plaintiff's central file.   Here, Plaintiff sought

9   compensatory damages and injunctive relief with respect to the

10  enforcement of the grooming standards as to his appearance and

11  hair length and expungement from his central file of all

12  disciplinary reports relating to his non-compliance with the

13  grooming standards.   Plaintiff, while acting pro se, obtained a

14  temporary restraining order prohibiting the enforcement of the

15  grooming standards with respect to himself, however, he was not

16  represented by counsel and is not entitled to attorneys' fees for

17  obtaining the temporary restraining order.

18       This case was concluded by a voluntary stipulation, without

19  admission of liability, but all disciplinary reports related to

20  Plaintiff's grooming standards rules violations were be expunged

21  forthwith from Plaintiff's central file, and as of the date of

22  the stipulation and order, Plaintiff's classification score is to

23  be computed without regard to these RVRs.   This is partial

24  success.

25       The Magistrate Judge found that Plaintiff was the

26  "prevailing" party and entitled to attorneys' fees under 42

27  U.S.C. § 1997e(d)(1).   The court found that 50% of counsels' time

28  was directly and reasonably incurred in proving an actual

                                    5

1   violation of Plaintiff's rights, and that Plaintiff was entitled

2   to compensation for 48.5 hours at the rate of $138.00 per hour.

3   Defendants were ordered to pay the total amount of $6,693.00

4   directly to Plaintiff's counsel within 30 days of the order.

5       **Attorneys' Fees Under the PLRA**.

6       Under the Prison Litigation Reform Act, 42 U.S.C.

7   § 1997e(d)(1) attorneys' fees are limited to those directly and

8   reasonably incurred in proving an actual violation of Plaintiff's

9   rights protected by a statute under which a fee may be awarded.

10   See 42 U.S.C. § 1988.

11       Plaintiff alleged that the presence of unexpunged RVRs in

12   his central file violated his civil rights under the Equal

13   Protection Clause or the RLUIPA.  Plaintiff argues that "the only

14   adverse effect the presence of the RVRs in the Plaintiff's

15   central file could possibly have would be to increase Plaintiff's

16   security classification."  The State then argues that "an inmate

17   has no constitutional right regarding his classification."  *Myron*

18   *v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007).

19       The State's analysis suffers from the same infirmity

20   recognized by *Doty*, where the Ninth Circuit expressly held and it

21   continues to be the law of the Circuit, that proof of a

22   constitutional violation is not required for attorneys' fees,

23   under § 1988, where a case has been resolved by settlement, and

24   claims for violation of constitutional rights or Federal law, the

25   RLUIPA, were asserted and relief which altered the legal rights

26   of the parties was obtained.  Here, the lawsuit achieved deletion

27   of all Plaintiff's RVRs from his central file and the prohibition

28   against future use of those rules violation reports for any

1 | purpose.  As in *Doty*, the test requires only that the relief
2 | achieved be related to a claim that is not frivolous,
3 | unreasonable, or groundless, not that the relief was "required by
4 | the Constitution or Federal law."

5 | CONCLUSION

6 | Once the entitlement to attorneys' fees is established, a
7 | District Court should consider Plaintiff's limited success and
8 | the factors set forth in *Gates v. Dukemejian*, 987 F.2d 1392 (9th
9 | Cir. 1992); and *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994).
10 | Fee awards pursuant to § 1988 must be reasonable, both as to the
11 | number of hours spent in advancing the successful claim and the
12 | billing rate per hour.  Calculating the Lodestar figure is the
13 | starting point for determining the reasonable fee.  *Gates*, 987
14 | F.2d at 1397.  Here, the statutory rate of $138.00 per hour was
15 | utilized by the Court.  This is substantially below prevailing
16 | rates for civil rights lawyers practicing in the Fresno Division
17 | of the Eastern District of California and is a reasonable rate
18 | for attorneys' fees.

19 | The relief achieved was only partial.  The Plaintiff did not
20 | succeed in changing the grooming standards, grooming policies, or
21 | establish that there was a substantive Equal Protection and
22 | RLUIPA violation.  The settlement achieved, expunged any grooming
23 | standards rules violation reports from Plaintiff's central file
24 | and prohibited future reference to those violations, which, in
25 | substance, has the effect of permanent injunctive relief as to
26 | the RVRs.  Judgment was rendered moot by the parties'
27 | stipulation.  Plaintiff failed to obtain a decision that the
28 | CDCR's hair length grooming standards violated the Free Exercise

7

1  of Religion Clause of the First and Fourteenth Amendments of the
2  Constitution, the Religious Land Use and Institutionalized
3  Persons Act, and Plaintiff did not obtain any compensatory
4  damages.

5  He did achieve the expungement and prohibition against
6  future use of his rules violations reports as a result of his
7  lawsuit.

8  In reviewing the Magistrate Judge's analysis, the success
9  achieved was more limited than the fee awarded reflects. In
10 effect, Plaintiff prevailed on one of his four claims and a
11 reduction to 25% of the hours incurred based on a statutory rate
12 of $138.00 for attorneys' fees results in entitlement to
13 compensation for 25 hours at the rate of $138.00 or a net fee
14 award of $3,346.50.

15 Defendants' motion for reconsideration is GRANTED.
16 Plaintiff's attorney shall be awarded $3,346.50 for reasonable
17 and necessary attorney's fees.

18 SO ORDERED, this 14th day of June, 2007.

19 IT IS SO ORDERED.

20 Dated:   **June 14, 2007**            **/s/ Oliver W. Wanger**
21                                    UNITED STATES DISTRICT JUDGE

22
23
24
25
26
27
28

8